## CHARLESTON.

THE STATE v. REED, TRUSTEE *et al.*

Submitted February 14, 1912.　Decided October 14, 191

1. PUBLIC LANDS—*Suit for Sale of Forfeited School Lands-*
    *cree.*

    Though a decree of dismissal in a suit for the sale of
    as forfeited, for the benefit of the school fund, recites th
    is entered on motion and by the consent of the commiss
    of school lands and the attorney prosecuting the cause,
    it is based on a report of the commissioner of school land
    suant to the latter provision of Code 1906, ch. 105, sec. (
    actually dismisses lands from the cause, it is not a
    retraxit but an adjudication. (p. 818).

2. SAME—*Suit for Sale of Forfeited School Lands—Rep*
    *Commissioner.*

    When a new county is formed from the territory of a (
    in which a suit for the sale of forfeited lands has been
    tuted, the commissioner of school lands of the new count

72 W. Va.

make the report in the suit which is contemplated by the latter provision of Code 1906, ch. 105, sec. 6.    (p. 819).

3.   SAME—*Suit for Sale of Forfeited School Lands—Report of Commissioner—Hearing—Delay—Grounds.*

A hearing of the matters raised by the report of the commissioner of school lands, pursuant to Code 1906, ch. 105, sec. 6, will not be delayed to enable a formal party to the cause, claiming the right to redeem, to contest the same, when the matters are the same as those already raised by the bill and as to which ne has had ample time to present his case.    (p. 819).

4.   SAME—*Suit for Forfeited School Lands—Dismissal.*

When it appears by a report of the commissioner of school lands that the forfeited title to tracts involved in a suit for the sale of forfeited lands has been granted by the State to another and that there has been no subsequent forfeiture of the same, the suit may properly be dismissed as to such tracts. (p. 821).

Appeal from Circuit Court, Marion County.

Bill by the State against John R. Reed, trustee, and others. From the decree, J. K. Anderson, trustee, appeals.

*Affirmed.*

*Malcolm Jackson, Edward C. Lyon, John W. Mason, Jr.,* and *Campbell, Brown & Davis,* for appellant.

*Stokes & Bronson,* and *Holt & Duncan,* for the State.

ROBINSON, JUDGE:

The decree of dismissal complained of was entered in an old suit for the sale of forfeited lands, begun in the circuit court of Logan county in the year 1893, and later transferred to the circuit court of Marion County.   The suit originally involved the William McCleary grant of 100,000 acres, the greater part of which was in the county of Logan as the territory of that county existed at the time the suit was instituted.   In 1895, Mingo county was formed from the bounds of Logan.   A part of the grant involved was thus thrown into Mingo.

In 1908, amended bills were filed in the name of the State, specifying two particular tracts of the original survey, lying on Sycamore Creek, in Mingo, as remaining forfeited and unsold for the benefit of the school fund.   These amended bills brought in the claimants of the two tracts and prayed that the land be

proceeded against pursuant to the statute in such case made and provided. In them, it was averred that the commissioner of school lands of Mingo County had reported the two tracts to the circuit court of Mingo County, that a proceeding for their sale under the statute had thereupon been begun in that court, but that the same had been dismissed when it was found that the grant to which the two tracts belonged was already involved in the suit pending in Marion County.

No appearance was made to the amended bills by any claimant of the two tracts until March, 1911, when J. K. Anderson, trustee, appellant herein, appeared and tendered his answer claiming title thereto in succession to McCleary, admitting the alleged forfeiture, and praying that he be permitted to redeem. The commissioner of school lands of Mingo County filed a report in the cause, setting forth that upon investigation by him it had been ascertained that the two tracts specifically proceeded against by the amended bills were not subject to sale as forfeited land, but were rightfully the property of the heirs of one Lawson, by virtue of a grant from the State for one tract and a deed of a commissioner of school lands for the other, and the regular payment of taxes on both. With this report, the grant and the deed through which the heirs of Lawson had taken the State's title to the land were exhibited. In view of the matters found and reported, the commissioner of school lands of Mingo County asked that the suit be dismissed as to the two tracts of land.

The court refused to continue the cause on motion of Anderson, trustee, but heard the same upon his answer, the report of the commissioner of school lands, and the other papers and orders properly in the cause, and entered a decree dismissing the suit as to the two tracts of land. From that decree Anderson, trustee, has appealed.

It appears from the decree that the same was entered on the motion and by the consent of the commissioner of school lands of Mingo County and the attorney prosecuting the amended bills. Appellant submits that the decree shows that the dismissal was a mere retraxit of the suit which could not be made over his objection and to the deprivation of the right to redeem opened to him by the instituting of the suit. But we hold that the decree is in such terms that it speaks an adjudication pur-

suant to the latter provision of Code 1906, ch. 105, sec. 6. For the sake of clearness we recite that provision: "And if at any time during the pendency of any suit for the sale of school lands, whether now pending or hereafter brought, the commissioner of school lands of the county where such suit was or may be instituted shall become satisfied that part or the whole of the lands sought to be sold therein is not liable to sale for the benefit of the school fund, such commissioner shall report in writing to the court the facts and reasons which lead him to that conclusion, which report shall be filed and made part of the record; and if the court upon consideration thereof, and upon such other inquiry as it may be advised to make, shall concur in such report, in whole or in part, it shall confirm the same to that extent and shall dismiss such suit as to the lands embraced in such report as far as it may be confirmed."

That the commissioner of school lands of Mingo County was the proper officer to make such report as that mentioned in this statute we have no doubt. True he was not the commissioner of school lands of the county *eo nomine* in which the suit was instituted. But his county, Mingo, had been taken from the county in which the suit was instituted, Logan. The formation of the new county gave him jurisdiction over proceedings for the sale of all forfeited lands therein. It substituted him, as to this very suit, then already begun, for the commissioner of school lands of the county in which the suit was instituted, as far as lands involved therein situated in the new county were concerned. Indeed, in a sense the suit was instituted in his county, for it was instituted when Logan and Mingo were one and the same. The division of the county divided the duties and acts to be done under the statute in a suit already begun between the official of the old and the official of the new county, each taking jurisdiction over the forfeited lands within the territory of his county.

Did the court err in refusing appellant time to meet the matters contained in the report on which the dismissal was made? Appellant was a purchaser of the land *pendente lite.* He and those under whom he held had years in which to ask redemption in this very suit. When he purchased, the record told him that the title which he was taking had been forfeited, and the ex-

amination which he was bound to make under the law in that regard directed him to this suit in which the land was involved for sale for the benefit of the school fund. But he and his predecessors did nothing until after the amended bills were filed. Even then, though a formally summoned party, though the amended bills set up the claim of the Lawson heirs to the land and brought him in to answer as against the same, he took no steps in the cause for more than two years to vindicate the right to redeem which he claims as against the Lawson heirs and all others. When appellant filed his answer it was a delayed one. The court was not bound to grant him a continuance to make out a case, since he showed no grounds for a continuance by affidavit. The statute makes this rule applicable to ordinary chancery causes also applicable here. Code 1906, ch. 105, sec. 7. Appellant was in default and entitled to no further time without purging himself of the delay. The rule is just as pertinent for a wholesome administration in this class of cases as in any other. It can not rightly be said that appellant was taken by surprise by the report of the commissioner of school lands and the request of the State to dismiss and therefore was entitled to time in which to meet these matters. Long before, by the amended bills, he had been summoned to meet the very same claim which was reported by the commissioner of school lands as warranting a dismissal—the claim of title by the Lawson heirs. Yet he sought delay solely for the purpose of proving only that which the amended bills called upon him to prove— the superiority of his claim of right to redeem over the claim of title by the Lawson heirs. He asked delay to present proof which he had already been given more than two years to present. If he had promptly filed his answer and put in proof of a right to redeem as against the Lawson heirs, as the bills called upon him to do, the filing of the report and the asking of the dismissal could in nowise have affected his interests. He was bound to take cognizance that the statute allowed a report to be filed and a dismissal asked at any time and to be prepared for the same by having diligently made out his claim that he was entitled to redeem as against the State and all other claimants of the land. Of course if the matter presented by the report had been of a claim which the bills had not called him to answer,

there might have been ground for a request for time to meet the same. But such was not the case. Under the status of the cause when it was submitted by the State in prosecuting it, appellant was entitled to no further time and the court could take the cause for decision.

Plainly the record of the cause supports the decree. As submitted the record fully proved that the forfeited title which appellant claimed the right to redeem had been sold by the State to others upon the forfeiture which appellant himself admitted and from which he asked to redeem. The record was plainly against him as to all that was raised by the bills and asked by his answer. It showed that the forfeited title which he asked to redeem had been sold by the State long years before his asking the redemption, and that there had been no subsequent forfeiture of the title thus passed. *State* v. *King,* 64 W. Va. 610, syl. 2. The decree was a proper one to make. It will be affirmed.

*Affirmed.*